CARLYLE HAYES, as Sheriff of Putnam County, Florida, v. HENRY JONES

2 So. (2nd) 588
En Banc
Opinion Filed May 13, 1941.
Rehearing Denied May 27, 1941

*Julian C. Calhoun,* for Appellant;

*J. V. Walton* and *C. O. Wright,* for Appellee.

BUFORD, J.—Appeal brings for review judgment in habeas corpus proceedings discharging petitioner from custody.

The court below filed an opinion or his conclusion of law based on the record and stipulation of facts as follows:

"A Habeas Corpus proceeding was instituted by the Petitioner to determine the validity of a warrant issued by the Justice of the Peace of the Eighth Justice District of Putnam County, Florida, charging that the Petitioner did unlawfully 'hide and conceal and transfer' certain personal property consisting of wearing apparel, a description of such property being set forth in said warrant 'with intent to defeat, hinder and delay the recovery of such property by the vendors' thereof. The warrant was drawn under Section 7316, Compiled General Laws, 1927, which defines the crime of disposing of personal property under lien, etc., and provides that a violation of the statute shall be a felony. A stipulation has been entered into by the State Attorney and Counsel for the Petitioner that the property described in the warrant was sold at

retail by the Palatka Clothing Company, the vendors, to the defendant for personal use and consumption as wearing apparel and not for resale by the Petitioner or for any other use. It was contended by the counsel for the Petitioner at the hearing of the matter before the court on the return of the defendant to the Petition, that Section 7316 has no applicability to personal wearing apparel and that the warrant, for that reason, charges no offense.

"The contention of the Counsel for the Petitioner must be sustained and the petition granted. Under the Common Law, clothing was held to be exempt from the levy of any process. The reason for the rule is that wearing apparel was deemed so necessary to human existence that it would be against public policy to provide any legal means to deprive a person thereof.

"Raiment is as essential to life as food, and if the statute is applicable to one, then there can be no reasonable hypothesis advanced why it should not apply to the other. It might even be said that clothing is more necessary to existence than food. A person may starve for a time with perfect propriety and with no discomfort to anyone save himself, but a person may not appear naked without offending the laws of morality and decency. It has been argued by the State that a differentiation exists between food and clothing, in that the former is perishable and is sold to be consumed by eating, while the latter is not of this nature. Such a proposition cannot be entertained. Many articles of clothing are less durable and more perishable than food. Since Biblical times, food and raiment have been classified together and the use of the phrase has become thoroughly familiar.

"The court recognizes the fact that the statute has

been held applicable to such property as automobiles, furniture, jewelry, etc., and that its constitutionality has been upheld under a variety of attacks. However, none of these cases here involved wearing apparel. Indeed, although the State Attorney, Counsel for the Petitioner, and this Court have made exhaustive study of the authorities, no decision has been found where wearing apparel has been sold at retail under retention title contract. This case is a case of first impression before the court. A decision must be reached considering the spirit of the law as well as its letter. The reasonable view seems to be that the Legislature did not intend for the statute to apply to wearing apparel.

"If the clothing described in the warrant had been sold to the vendee for any other purpose than personal raiment, the court might have taken a different view. However, the stipulation of Counsel shows that the clothing was sold for the personal use of the Petitioner as wearing apparel and for no other use. For the reasons above stated, it is the opinion of this Court that the petitioner should be discharged."

Thereupon, judgment of discharge was entered.

Section 5205 R. G. S., 7316 C. G. L., is as follows:

"Whoever shall pledge, mortgage, sell, or otherwise dispose of any personal property to him belonging, or which shall be in his possession, and which shall be subject to any written lien, or which shall be subject to any statutory lien, whether written or not, or which shall be the subject of any written conditional sale contract under which the title is retained by the vendor, without the written consent of the person, firm or corporation, holding such lien, or retaining such title; and whoever shall remove or cause to be removed beyond the limits of the county where such

lien was created or such conditional sale contract was entered into, any such property, without the consent aforesaid, or shall hide, conceal or transfer such property with intent to defeat, hinder or delay the enforcement of such lien, or the recovery of such property by the vendor, shall be punished by a fine not exceeding five hundred dollars, or by imprisonment not exceeding one year.

"And it shall be *prima facie* evidence of concealing, selling or disposing of such personal property whenever the person owning the property at the time the lien was created, or who bought the same under such retained title contract, fails or refuses to produce such property for inspection within the county where the lien was created, or the property delivered, upon demand of the person, firm or corporation having such lien, or retaining such title, after the debt secured by such lien has become enforcible, or the vendee has substantially defaulted in the performance of such retained title contract."

We cannot follow the reasoning of the circuit court. No question of levy of execution or of forced sale is involved here.

Certainly a suit of clothes is personal property. See Bouvier's Law Dictionary 315, 22 R. C. L. 65, Sec. 39.

When one goes into a store to buy clothing he may make such a contract as he and the vendor may agree upon and if he be *sui juris* he will be bound by his contract just the same as if he were buying a watch, a ring, a plow or a wagon. One may pledge by mortgage a particular suit of clothes as well as his household and kitchen furniture, and the pledge may be enforced. If one chooses to buy a suit of clothes, a ring, a watch or a horse under a conditional sales con-

tract, and finds a vendor ready, willing and able to sell either of such articles of personal property under such a contract, such vendee and vendor may so contract with one another and such contract will be binding on both and each will come within the purview of the existing law regarding such transactions.

The suit of clothes belonged to the merchant. He was willing to let relator have it under a retain title contract. The suit of clothes was personal property when the vendor delivered it to the vendee. The title remained in the vendor. The character of the property as a personal chattle was not changed by the mere transfer of possession with the right in the vendee to acquire title by the payment of the purchase price.

The judgment must be reversed and the cause remanded with direction that petitioner be remanded to custody.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, THOMAS and ADAMS, J. J., concur.

CHAPMAN, J., dissents.